IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| MANGANARO MIDATLANTIC, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>KBE BUILDING CORPORATION, *et al.*,<br><br>*Defendants* | Case No. 3:19cv00080 |
| ATLANTIC CONSTRUCTORS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>KBE BUILDING CORPORATION, *et al.*,<br><br>*Defendants* | Case No. 3:20cv00018 |

**MEMORANDUM OPINION & ORDER**

Before the Court are Defendants KBE Building Corporation's ("KBE") and Federal Insurance Company's ("Federal") (collectively the "Defendants") Joint Motions to Consolidate the above-captioned cases.[1] Joint Mot. to Consolidate Cases, *Manganaro MidAtl., LLC v. KBE Bldg. Corp.*, No. 3:19cv80 ("*Manganaro MidAtl.*"), ECF No. 21; Joint Mot. to Consolidate Cases, *Atl. Constructors, Inc. v. KBE Bldg. Corp.*, No. 3:20cv18 (*"Atl. Constructors"*), ECF No. 13. For the reasons stated below, the Court hereby GRANTS the Joint Motions to Consolidate, *Manganaro MidAtl.*, ECF No. 21; *Atl. Constructors*, ECF No. 13, and consolidates these two cases for all further proceedings, including trial.

I. Factual and Procedural Background

---

[1] The Defendants initially moved to consolidate four separate cases, however, two of those cases have resolved and those motions are moot. *See* Order, *Sullivan Mech. Contractors, Inc. v. KBE Bldg. Corp.*, No. 3:20cv13 (W.D. Va. July 29, 2020), ECF No. 39; Stipulation of Dismissal, *Moore's Elec. & Mech. Constr., Inc. v. KBE Bldg. Corp.*, No. 3:20cv19 (W.D. Va. Aug. 11, 2020), ECF No. 23.

1

In November 2017, the Commonwealth of Virginia and the Rector and Visitors of the University of Virginia (collectively "Owner") entered into a construction agreement with KBE for the construction of upper-class student housing (the "Project"). *See* Compl. ¶ 4, *Manganaro MidAtl.*, ECF No. 1. Federal issued a payment bond on behalf of KBE in connection with the Project. *Id.* ¶ 5. In February 2018, KBE and Atlantic Constructors, Inc. ("Atlantic") entered into a subcontract agreement for Atlantic to provide fire protection work at the Project. Am. Compl. ¶ 5, *Atl. Constructors*, ECF No. 22.[2] Atlantic completed its work on the Project in November 2019. *Id.* ¶ 7. Atlantic alleges that KBE breached the subcontract agreement, the Defendants breached the payment bond, and it is owed approximately $168,175 for its completed work. *Id.* ¶¶ 8, 12–19.

In May 2018, KBE and Manganaro MidAtlantic Corporation ("Manganaro") entered into a subcontract agreement for Manganaro to install drywall, carpentry, and ceiling tiles at the Project. Compl. ¶ 7, *Manganaro MidAtl.* Manganaro completed its work on the Project between October 2018 and August 2019. *Id.* ¶¶ 9, 17. Manganaro alleges that KBE made numerous changes to the scope of its work, and it was delayed and hindered in completing its work by KBE and other subcontractors on the Project resulting in increased costs to Manganaro. *Id.* ¶¶ 10–12. Manganaro further alleges that KBE breached the subcontract agreement, the Defendants breached the payment bond, and it is owed approximately $1,526,833 for its completed work. *Id.* ¶¶ 16, 19–30.

The Defendants filed Joint Answers and Counterclaims in both cases. Joint Answer & Countercl., *Manganaro MidAtl.*, ECF No. 10; Joint Answer & Countercl., *Atl. Constructors*,

---

[2] On August 11, 2020, I entered an Order granting Atlantic's motion to file an Amended Complaint. Order, *Atl. Constructors*, ECF No. 21.

ECF No. 25. KBE alleges the same affirmative defenses and the same counterclaim for breach of the subcontract in both cases.[3] Joint Answer & Countercl. 5–11, *Manganaro MidAtl.*; Joint Answer & Countercl. 4–8, *Atl. Constructors.* In part, KBE alleges that other subcontractors, including the Plaintiffs in these two cases, were responsible for the delays and additional costs in the Project. *See* Joint Answer & Countercl. 5–6, *Manganaro MidAtl.*; Joint Answer & Countercl. 4, *Atl. Constructors.*; Defs.' Mem. in Supp. of Joint Mot. to Consolidate 4, *Manganaro MidAtl.*, ECF No. 22; Defs.' Mem. in Supp. of Joint Mot. to Consolidate 4, *Atl. Constructors*, ECF No. 14. The Defendants filed their Joint Motions to Consolidate and Memoranda in Support in May 2020. Manganaro and Atlantic filed their Responses in Opposition, *Manganaro MidAtl.*, ECF No. 25; *Atl. Constructors*, ECF No. 17, and the Defendants filed a Joint Reply, *Manganaro MidAtl.*, ECF No. 26; *Atl. Constructors*, ECF No. 18. On August 18, this Court held a hearing on the motions. The matters are now ripe for decision.

## II. Legal Framework

Rule 42 of the Federal Rules of Civil Procedure provides, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). "District courts have broad discretion under [Rule 42] to consolidate causes pending in the same district." *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp.*, 559 F.2d 928, 933 (4th Cir. 1977) (citing Fed. R. Civ. P. 42(a)). The Court must weigh the risk of prejudice and possible confusion from consolidation against the burden on the parties, witnesses, and judicial resources to conduct multiple suits involving common questions of law or fact, the length of time to conclude multiple lawsuits as opposed to a single lawsuit, and the "relative

---

[3] The Defendants allege that the Plaintiffs breached the subcontract in many of the same ways, but include additional breaches on the part of Manganaro.

expense" to all of the parties presented by a single consolidated trial or multiple trials. *Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018). Generally, "judicial economy favors consolidation because it saves time and expenses and avoids the risk of inconsistent judgments." *Diment v. Sup. Ct. of Va.*, No. 3:07cv33, 2007 WL 4302867, at *1 n.1 (W.D. Va. Dec. 6, 2007) (citing *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 248 (E.D. Va. 1999)).

### III. Analysis

These cases involve substantial common questions of law and fact, including the same prime construction contract, the same Project, the same defendants, the same causes of action, and the same defenses and counterclaims. *See Harris v. L & L Wings, Inc.*, 132 F.3d 978, 981 n.2 (4th Cir. 1997) (noting that plaintiffs' cases "brought against the same defendant, relying on the same witnesses, alleging the same misconduct, and answered with the same defenses clearly meet th[e] standard" for consolidation under Rule 42(a)); *Rishell v. Comput. Scis. Corp.*, Nos. 1:13cv931, 1:14cv213, 2014 WL 11515835, at *1 (E.D. Va. Apr. 4, 2014) (consolidating cases that involved the same defendant and likely involved deposing the same witnesses and exploring the same defenses). The Plaintiffs allege that the Defendants breached the subcontract agreements[4] and failed to pay for work satisfactorily completed. The Defendants counter with the same affirmative defenses to those claims and substantially similar counterclaims, including that the Plaintiffs in these two cases are at least partially responsible for each other's damages. Questions of law will center on contract interpretation of the prime contract and the two subcontracts at issue which, although different, are similar enough to warrant consolidation.

---

[4] Manganaro argues that it made substantial changes to KBE's standard sub-contractor agreement before the parties signed. *See* Pl.'s Resp. in Opp'n to Joint Mot. to Consolidate Cases 4, *Manganaro MidAtl.* These changes, however, do not appear to be dispositive of Manganaro's claims or so different as to require different interpretations of the law and facts.

4

Additionally, there will be a significant commonality among the facts presented. Although the Plaintiffs performed different types of work and are claiming different amounts in damages, they worked on the same Project during roughly the same period. Both Plaintiffs allege that KBE and Federal breached their obligations by failing to pay for completed work, and KBE counterclaims that both Plaintiffs breached the subcontracts in many of the same ways, including failing to clean up and interfering with other subcontractors' work on the Project. There will be common issues related to some change orders, back charges (including those implicating each Plaintiff), and set offs. The differences between these two cases do not predominate. At its core, Manganaro's case is not substantially more complex than Atlantic's, despite the substantial differences in the number of change orders at issue and the amount of damages, because the suits involve the same defendants, claims, defenses, counterclaims, and alleged breaches of the subcontracts. *Cf. V.A.L. Floors v. 1419 Tower, L.P.*, No. 08-cv-5680, 2009 WL 1977840, at *3 (E.D. Pa. July 8, 2009) (denying motion to consolidate where one action was "more multi-faceted and complex" than the other, involved many additional causes of action, counterclaims, and defenses, and risked confusing the jury if tried together).

As to the other factors, concern for inconsistent judgments generally favors consolidation, and concern of jury confusion favors maintaining separate cases. *See Campbell*, 882 F.3d at 74; *Diment*, 2007 WL 4302867, at *1 n.1. In this case, these factors play a minimal role and essentially cancel each other. Both cases are before the Honorable Glen E. Conrad, Senior United States District Judge, and the parties indicated at the hearing that in both cases they have requested bench trials. Thus, there is little, if any, risk of inconsistent judgments or jury confusion.

The Court next considers the burden on the parties, witnesses, and judicial resources. Because of the substantial common questions of law and fact, not only will the Defendants' witnesses and evidence be substantially similar in both cases, parts of the Plaintiffs' cases will likely substantially overlap. Consolidation of these two actions will reduce the burden on the Defendants. As to discovery, the Defendants' responses to the Plaintiffs' requests for production of documents likely will overlap substantially. Moreover, the individuals who testify on behalf of the Defendants at depositions will likely be the same. Thus, consolidation of discovery will be more efficient. Counsel for Atlantic asserted that the Manganaro case will involve more discovery and Atlantic may incur greater expenses reviewing discovery related to Manganaro. I find this argument unpersuasive. Atlantic should be able to identify the discovery responses relevant to its claims and defenses and those of KBE that overlap with Manganaro and focus its efforts on them.

As to efficiencies gained through a consolidated trial, during the motions hearing, counsel for the Defendants represented that their cases against the Plaintiffs would take three trial days in a consolidated action or three trial days in each separate action and would involve similar evidence about project delays caused by the Plaintiffs and other subcontractors. According to Plaintiffs' counsel, Atlantic's case will take one day, and Manganaro's case will take five or six days to try. Consolidating the trials will add one day to the existing trial date in Manganaro's case and eliminate a four-day trial in Atlantic's case, thereby conserving judicial resources. Moreover, the increased burden on Manganaro would be minimal, and the burden on the Defendants of participating in two trials would be eliminated. Although the trial time for Atlantic would be increased significantly, on the whole, consolidating the cases will reduce the relative burden on the parties and conserve judicial resources.

Finally, the procedural posture of both cases favors consolidation. In *Manganaro MidAtlantic*, the parties have exchanged initial written discovery requests and responses. It appears that the parties in *Atlantic Constructors* are working on similar discovery requests and responses. No depositions or dispositive motions have been filed in either case. As such, consolidation likely will not result in a prejudicial delay to either Plaintiff in the discovery process or trial date.

On the whole, the factors favor consolidation of these two cases. Accordingly, the Defendants' Joint Motions to Consolidate, *Manganaro MidAtl., LLC*, No. 3:18cv90, ECF No. 21; *Atl. Constructors, Inc.*, No. 3:20cv18, ECF No. 13, are GRANTED, and the two cases will be consolidated for all future proceedings, including trial.

It is so ORDERED.

ENTER: September 1, 2020

Joel C. Hoppe
United States Magistrate Judge